IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| JOYCE HALL | * |
| Plaintiff, | * |
| v. | *   Civ. No. JKB-24-01131 |
| ALLSTATE PROPERTY AND CASUALTY INSURANCE COMPANY | * |
| Defendant. | * |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM AND ORDER

In this diversity action, Plaintiff Joyce Hall brings claims of breach of contract and failure to settle claims in good faith against Defendant Allstate Property and Casualty Insurance Company ("Allstate"), who provided a homeowner's insurance policy on her residence. (*See generally* Compl., ECF No. 1.) The case arises out of a dispute between Hall and Allstate over the amount Hall is owed for damages to her residence caused by an August 2020 storm. (*Id.*) Now pending is Hall's Motion to Compel Appraisal and Stay Litigation Pending Appraisal. (ECF No. 8.)

Under 28 U.S.C. § 1332, a district court has diversity jurisdiction over an action if there is complete diversity of citizenship between the parties, and if "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs[.]" As a general matter, "'the sum claimed by the plaintiff controls' the amount in controversy requirement." *JTH Tax, Inc. v. Frashier*, 624 F.3d 635, 638 (4th Cir. 2010) (quoting *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288 (1938)).

Here, Hall provides a conclusory allegation that "[t]he amount in controversy exceeds the sum of $75,000[.]" (Compl. ¶ 1.) However, later in the Complaint she expressly states that "[t]he amount currently in dispute is $41,380.15." (*Id.* ¶ 25.)

Allstate has not raised the defense of lack of subject-matter jurisdiction, and even conceded in its Answer that subject matter jurisdiction was present. (Answer ¶ 1, ECF No. 4.) But "subject-matter jurisdiction, because it involves a court's power to hear a case, can never be forfeited or waived," and "courts . . . have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006) (quotation omitted). The Court must be satisfied of the existence of subject-matter jurisdiction as a threshold matter before it can entertain questions about the merits of a case. *Elyazidi v. SunTrust Bank*, 780 F.3d 227, 232 (4th Cir. 2015).

The plaintiff, as the one invoking this Court's jurisdiction, bears the burden of proving that subject-matter jurisdiction exists. *The Piney Run Preservation Ass'n v. The Cnty Com'rs of Carroll Cnty*, 523 F.3d 453, 459 (4th Cir. 2008). Here, the Court has serious doubts about the existence of subject-matter jurisdiction in light of Hall's express statement that the amount in controversy is only $41,380.15. The Court must resolve those doubts before entertaining Hall's pending Motion.

Accordingly, Hall is DIRECTED TO SHOW CAUSE, by Thursday, October 3, 2024, why this Court should not dismiss this action for lack of subject-matter jurisdiction. Hall is FOREWARNED that failure to respond by that date will result in the dismissal of this action and the denial of her pending motion as moot.

DATED this _19_ day of September, 2024.

BY THE COURT:

/s/ James K. Bredar
_____
James K. Bredar
United States District Judge